IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R. CASPER ADAMSON,
    Petitioner,

vs.                                    Case No.:  3:08cv310/MCR/EMT

WALTER C. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This action was initiated by Petitioner's filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner subsequently filed an amended petition (Doc. 11), and Respondent filed a motion to dismiss the amended petition on the ground that Petitioner failed to raise a cognizable claim under habeas corpus, or alternatively, that Petitioner failed to exhaust his available state court remedies (Doc. 17).  This matter is now before the court on Petitioner's notice of voluntary dismissal of his amended habeas petition filed pursuant to 28 U.S.C. § 2254 (Doc. 18), and Respondent's response in opposition to Petitioner's notice of voluntary dismissal (Doc. 19).

        Petitioner seeks dismissal of this habeas action without prejudice to his refiling at a future time.  As grounds for dismissal, Petitioner states that Santa Rosa County has lifted its previous order prohibiting Petitioner from filing new cases (Doc. 18 at 1).  Petitioner states that, upon consideration of Respondent's motion to dismiss and because his gain time is no longer affected, he "believes the interests of comity and principles of federalism now dictate that Mr. Adamson refile his petition in Santa Rosa County" (*id.* at 1–2).  In opposition to Petitioner's motion, Respondent contends that Petitioner "has attempted to harass the undersigned [Lance Eric Neff, Respondent's attorney] by various means, from seeking personal information to threatening bankruptcy via sanctions" (Doc. 19 & Ex. B).  Respondent argues that no other attorney should have to endure Petitioner's harassment in the event Petitioner decides to re-file his petition at a later date (*id.* at 2).  Respondent

alleges that Petitioner's primary objective in filing lawsuits is pecuniary gain and not remedying any actual harm (*id.*).  Next, Respondent argues that although Petitioner filed a notice of voluntary dismissal because the Santa Rosa County Circuit Court lifted the ban against filing habeas petitions in forma pauperis, the "ban" was lifted on July 17, 2008 (*id.*, Ex. D), and Petitioner filed his amended habeas petition on August 14, 2008 (Doc. 11).  Therefore, Respondent argues, Petitioner knew that the sanctions were lifted at the time he filed his amended petition.  Responded asserts that the court should not allow Petitioner to voluntarily dismiss the petition "at this late date and after numerous hours of work from many individuals at the Office of the Attorney General and at the Department" (Doc. 19 at 3).[1]  In the alternative, Respondent requests that, if this court grants Petitioner's motion, it should impose sanctions upon Petitioner pursuant to Rule 41(a) of the Federal Rules of Civil Procedure "if and when he [Petitioner] seeks to re-file this petition" (Doc. 19 at 3).

After careful consideration of the parties' arguments, the court concludes that Petitioner's motion should be granted.  Because Respondent has served an answer in the instant case, this action may not be dismissed at Petitioner's instance except by order of the court.  Fed. R. Civ. P. 41(a)(2).  In light of Petitioner's desire to dismiss his petition, this Court concludes dismissal is appropriate.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted.  *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  Additionally, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  *See*

---

[1] While this court is sympathetic to the numerous hours that Respondent has spent on this case, and the court does not condone Petitioner's comments and threats directed at counsel for Respondent (*see* Doc. 19, Ex. B), the court cannot agree with Respondent that the court should not dismiss this Petition pursuant to Petitioner's request.  Initially, the court notes that Respondent argued, in its Motion to Dismiss, that Petitioner failed to exhaust state remedies (Doc. 17 at 1).  In the instant motion, Petitioner appears to seek leave of the court to voluntarily dismiss this case so that "he can re-file it in Santa Rosa County" because the sanctions (i.e., the prohibition against filing motions in forma pauperis in the First Judicial Circuit (*see* Doc. 19, Ex. D)) have been lifted (Doc. 18 at 1).  Petitioner is following the appropriate procedure by filing a notice of voluntary dismissal in order to properly exhaust state remedies regarding this matter, therefore the court cannot agree with Respondent that the court should deny the motion.  Moreover, the court declines to address the issue of sanctions regarding any future filings and will determine whether to impose sanctions if/when any future petitions are filed on a case by case basis.

Case No.: 3:08cv310/MCR/EMT

<u>Duncan v. Walker</u>, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed.2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)).  Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's notice of voluntary dismissal (Doc. 18) be **GRANTED**.
2. That this action be dismissed without prejudice.

At Pensacola, Florida, this 7th day of October 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988)**.**